IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION

| | |
|---|---|
| **U.S. Equal Employment Opportunity Commission,** )<br>   George H. Fallon Federal Building )<br>   31 Hopkins Plaza, Suite 1432 )<br>   Baltimore, MD  21201, )<br> )<br>**Plaintiff,** )<br> )<br>v. )<br> )<br>**JERRY'S CHEVROLET, INC.,** )<br>   1940 E. Joppa Rd. )<br>   Baltimore, MD 21234 )<br> )<br>**and** )<br> )<br>**JERRY'S MOTOR CARS, Inc.** )<br>**t/a JERRY'S TOYOTA** )<br>   8001 Belaire Rd. )<br>   Baltimore, MD 21236 )<br> )<br>**Defendants.** )<br> ) | **COMPLAINT**<br><br>**JURY TRIAL DEMAND** |

## NATURE OF THE ACTION

This is an action under the Equal Pay Act of 1963 to restrain the unlawful payment of wages to employees of one sex at rates less than the rates paid to employees of the opposite sex, and to collect back wages due to such unlawful payments to Charging Party Jessica Dotterweich ("Dotterweich") and due to terminating her in retaliation for engaging in protected activity, and under  Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of sex and retaliation and to provide appropriate relief to Dotterweich.  As alleged with greater particularity in paragraphs 13 and 17

1

below, Defendants paid to Dotterweich lower wages than it paid to a male performing work substantially equal in skill, effort, and responsibility, and under similar working conditions, and shortly after she complained to Defendants about the wage disparity, Defendants terminated her in retaliation for that complaint.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345.  This action is authorized and instituted pursuant to Sections 16(c) and Section 17 of the Fair Labor Standards Act of 1938 (the "FLSA"), as amended, 29 U.S.C. §§ 216(c) and 217, to enforce the requirements of the Equal Pay Act of 1963, codified as Section 6(d) of the FLSA, 29 U.S.C. § 206(d), and pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C.§ 2000e-5(f)(1) and (3) ("Title VII") and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were and are now being committed within the jurisdiction of the United States District Court for the District of Maryland.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission ("the Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of the Equal Pay Act and Title VII and is expressly authorized to bring this action by Sections 16(c) and 17 of the FLSA, 29 U.S.C. §§ 216(c) and 217, as amended by Section 1 of Reorganization Plan No. 1 of 1978, 92 Stat. 3781, and by Public Law 98-532 (1984), 98 Stat. 2705, and by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1).

4. At all relevant times, Defendants Jerry's Chevrolet, Inc. ("Jerry's Chevrolet") and Jerry's Motor Cars, Inc., t/a Jerry's Toyota (Jerry's Toyota) are Maryland corporations and have

continuously been doing business in the State of Maryland and the County of Baltimore, and have continuously had at least 15 employees.

5. At all relevant times, Defendants are an integrated enterprise operating under the unregistered trade name of Jerry's Auto Group.

    a. Jerry's Auto Group includes Jerry's Chevrolet, Jerry's Toyota, Jerry's Mitsubishi (unregistered trade name) and Jerry's Collision Center (unregistered trade name).

    b. Defendants share employees.

    c. Defendants share a Human Resources Department.

    d. Defendants share Human Resources policies.

    e. Mary Zaloski served as Defendant's common human resources director.

    f. Defendants' shared Human Resources policies refer to employees as employees of "Jerry's Automotive Group."

    g. Dispatchers in Defendants' auto parts operation are paid commissions for the sale of Chevrolet, Toyota and Mitsubishi vehicles.

    h. Defendants share a common payroll administrator.

    i. Defendants maintain a common website.

    j. Jerry's Chevrolet, Jerry's Collision Center and Jerry's Mitsubishi operate from a shared automotive campus.

6. At all relevant times, Defendants have continuously been an employer engaged in an industry affecting commerce under Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

7.      At all relevant times, Defendants have acted directly or indirectly as an employer in relation to employees and have continuously been an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

8.      At all relevant times, Defendants have continuously employed employees engaged in commerce or in the production of goods for commerce within the meaning of Sections 3(b), (i) and (j) of the FLSA, 29 U.S.C. §§ 203(b), (i) and (j) and have continuously been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Sections 3(r) and (s) of the FLSA, 29 U.S.C. §§ 203(r) and (s), in that said enterprise has continuously been an enterprise whose annual gross volume of sales made or business done is not less than $500,000.

## ADMINISTRATIVE PROCEDURES

9.      More than thirty days prior to the institution of this lawsuit, Jessica Dotterweich filed a charge with the Commission alleging violations of Title VII by Defendants.

10.     On May 18, 2021, the Commission issued to Defendants a Letter of Determination finding reasonable cause to believe that Title VII was violated and inviting Defendants to join with the Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

11.     On July 26, 2021, the Commission issued to Defendants a Notice of Failure of Conciliation advising Defendants that the Commission was unable to secure from Defendants a conciliation agreement acceptable to the Commission.

12.     All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF TITLE VII CLAIMS

13. Since at least October 4, 2019, Defendants have engaged in unlawful employment practices at their Baltimore, Maryland location, in violation of Section 703(a) and 704(a) of Title VII, 42 U.S.C. 2000(e)-2(a) and 42 U.S.C. 2000(e)-3(a).

  a. In June, 2018, Defendants Employer hired Jessica Dotterweich, female, and assigned her to work in their Warehouse.

  b. Defendants, at various times, assigned to Dotterweich several positions within their Warehouse, including Parts Puller, Shipping/Receiving, Inventory Specialist, and most recently, Dispatcher.

  c. Almost six months after Dotterweich's hire, in December, 2018, Defendants hired Nathan Brown ("Brown"), male, into their Warehouse.

  d. In May, 2019, Defendants assigned Brown to the position of Dispatcher, at a semi-monthly salary of $1787.50 plus a monthly bonus of $300.

  e. In October, 2019, Defendants assigned Dotterweich to the position of Dispatcher, at a semi-monthly salary of $1400 with no monthly bonus.

  f. The Dispatcher position performed by both Brown and Dotterweich required equal skill, effort, and responsibility, and were performed under similar working conditions.

  g. Both Brown and Dotterweich worked in the Dispatcher position throughout almost the next year at their respective compensation until on or about September 8, 2020.

  h. Around the first week of September, 2020, upon discovering Brown's higher compensation, Dotterweich complained about the pay disparity to Eli Joest ("Joest"),

Defendants' Director of Human Resources and as a result, requested greater compensation. Joest stated that he would look into it.

      i.     One week later, on or about September 8, 2020, Joest terminated Dotterweich. The reason he gave to her for her termination was that she was overheard, during her break, sharing with co-workers that she had ordered, as a gift, some penis-shaped gummy candies, which she referred to as "a bag of dicks" and that this remark violated Defendants' rules.

      j.     Dotterweich reminded Joest that a few weeks earlier, Defendants had learned of another employee viewing pornography at his desk who simply was written up and reminded about Defendants' policies. Joest responded, "well, that's different."

      k.     In fact, Dotterweich's termination, on the heels of her complaint about unequal pay, was the result of this complaint, and was in retaliation for her engaging in protected activity.

14.     The effect of the practices complained of in paragraph 13 above has been to deprive Jessica Dotterweich of equal employment opportunities and otherwise adversely affect her status as an employee because of her sex and because of her engaging in protected activity.

15.     The unlawful employment practices complained of in paragraph 13 above were intentional.

16.     The unlawful employment practices complained of in paragraphs 13 above were done with malice or with reckless indifference to the federally protected rights of Jessica Dotterweich.

STATEMENT OF EQUAL PAY ACT CLAIMS

17. Since at least October 4, 2019, Defendants have violated Sections 6(d)(1), 15(a)(2), and 15(a)(3) of the FLSA, 29 U.S.C. §§ 206(d)(1), 215(a)(2), and 215(a)(3).

    a. The Commission reasserts and realleges the allegations set forth in paragraph 13(a) through 13(k).

18. As a result of the acts complained of above, Defendants unlawfully have withheld and are continuing to withhold the payment of wages owed to Jessica Dotterweich.

19. The unlawful practices complained of above in paragraph 17 were willful.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendants, their officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from paying to its female employees, including Dotterweich, lower wages than it paid to a male performing work substantially equal in skill, effort, and responsibility, and under similar working conditions, and terminating its workers in retaliation for complaining about such lower compensation.

B. Order Defendants to institute and carry out policies, practices, and programs which provide equal employment opportunities for women and which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendants to make whole Dotterweich, by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to reinstatement of Dotterweich or, in the alternative front pay.

D.   Order Defendant to make whole Dotterweich by providing compensation for past and future non-pecuniary losses resulting from the unlawful employment practices described above, including, but not limited to, emotional pain, suffering, embarrassment, degradation, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

E.   Grant a judgment requiring Defendants to pay appropriate back wages in amounts to be determined at trial, an equal sum as liquidated damages, or prejudgment interest in lieu thereof to employees whose wages are being unlawfully withheld as a result of the acts complained of above, including but not limited to Jessica Dotterweich.

F.   Order Defendants to pay Jessica Dotterweich punitive damages for its malicious and reckless conduct, as described in paragraph 13 above, in amounts to be determined at trial.

G.   Grant such further relief as the Court deems necessary and proper in the public interest.

H.   Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Respectfully submitted,

GWENDOLYN YOUNG REAMS
Acting General Counsel

DEBRA M. LAWRENCE
Regional Attorney

/S
_____
ERIC S. THOMPSON
Senior Trial Attorney
UNITED STATES EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

        Baltimore Field Office
        George H. Fallon Federal Building
        31 Hopkins Plaza, Suite 1432
        Baltimore, MD  21201
        Eric.Thompson@EEOC.GOV
        Phone: 410.801.6696
        Fax: 410.962.4270