IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>JERRY'S CHEVROLET, INC., *et al.*<br><br>Defendants. | Case No.: 1:21-CV-02464-RDB |

## JOINT STIPULATION AND PROTECTIVE ORDER REGARDING PRODUCTION AND USE OF CONFIDENTIAL INFORMATION AND FEDERAL RULE OF EVIDENCE 502(d) ORDER

Defendants, Jerry's Chevrolet, Inc. and Jerry's Motorcars ("Defendants"), and Plaintiff, U.S. Equal Employment Opportunity Commission ("EEOC" or "Plaintiff"), by and through their undersigned counsel, submit this Joint Stipulation and Protective Order Regarding Production and Use of Confidential Information ("Protective Order") for approval by the Court pursuant to Rule 26(c) of the Federal Rules of Civil Procedure. The parties agree to and shall be governed as follows:

1.     This Protective Order governs the handling of designated discovery material produced by the parties, as well as documents and information provided by non-parties. Discovery material includes documents, Excel spreadsheets, PowerPoint slides, interrogatory answers, responses to requests for production, responses to requests for admission, deposition testimony, and other written, recorded, or graphic matter produced by the parties or non-parties. For purposes of this Protective Order, "Confidential Information" includes, but is not limited to: (a) any and all of Defendants' trade secrets or other confidential and proprietary research, development, or

commercial information in accordance with Federal Rule of Civil Procedure 26(c)(1)(G); (b) documents containing sensitive personal, or medical information for non-party individuals and employees of Defendants; (c) documents containing medical or other personal information regarding Jessica Dotterweich; and (d) documents, materials or information that are subject to any other protective order or agreement, confidentiality order or agreement, or any other order, ruling, or agreement preventing or limiting the disclosure of those documents, materials, or information. "Medical information," as it is used herein, means medical information of any sort including documents and witness testimony.

2.      A Party is prohibited from making copies of any Confidential Information, or portion thereof, except for use in this litigation. Confidential Information shall be held in strictest confidence, shall be kept securely, and shall be used solely for the purpose of prosecution or defense of this litigation and not for any other purpose. As used herein, the term "disclosing party" shall refer to the party designating documents or information confidential or protected. The term "non-disclosing party" shall refer to the party receiving the documents or information designated as confidential or protected.

3.      A party may designate as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" any document, writing, transcript, or other information produced through formal or informal discovery or otherwise in the course of this litigation, whether produced by a party to this action or by a non-party, by stamping the word "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" on such document. Such designation shall be made in good faith. Without more, a designation as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" shall subject the information produced to the provisions of this Protective Order. A party may not redact information deemed to be confidential prior to producing

it. Information may, however, be redacted prior to filing it in Court or showing it to the jury as provided in subparagraphs 10(d), 10(f) and paragraph 11. To the extent that a party wishes to designate as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" documents, information, and/or testimony that was produced or provided in this litigation prior to the date on which the parties file this Protective Order with the Court, that party may designate those documents and/or testimony as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" within ten business days of the date the parties file this Protective Order with the Court. The non-disclosing party must treat such documents, things, information, responses, and testimony as Confidential Information from the date it receives notice of the designation, subject to the provisions of paragraphs 3, 4, and 5. Disclosure of such documents, things, information, responses, or testimony prior to receipt of such notice to persons not authorized to receive Confidential Information shall not be deemed a violation of this Protective Order; however, upon receipt of such notice, the non-disclosing party promptly shall retrieve all such Confidential Information disclosed to anyone who is not entitled to access to Confidential Information under this Protective Order. This Protective Order shall govern documents that were designated as CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS' EYES ONLY prior to the date on which the parties file this Protective Order with the Court.

4.     Any material marked or designated "CONFIDENTIAL - ATTORNEYS' EYES ONLY" will be handled in the manner described in paragraph 2, except that, absent written permission from the party producing the document or an order from the court, the disclosure of such materials or the contents therein shall be strictly limited to the undersigned counsel and staff under counsel's supervision.

5.  If a party disagrees with a designation of Discovery Material as CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS' EYES ONLY, it shall initially do so in writing to the designating party. Subsequently, the parties have a good faith obligation to attempt to resolve the dispute within five (5) business days of receipt of the written notice. If an agreement as to the designation is not reached within ten (10) days after such notice is given, the disclosing party may file a motion for a protective order with respect to the propriety of the disputed designation(s). Pending a resolution by the Court, the documents and/or material in question shall continue to be treated as designated.

6.  Portions of any transcript mentioning, quoting, or referring to Confidential Information may be designated CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS' EYES ONLY by stamping those portions of the transcript with the word CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS' EYES ONLY when the deposition is taken or within fourteen (14) business days after the receipt of the transcript. Until the expiration of the 14-day period of time to make CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS' EYES ONLY designations, the entire transcript shall be treated as confidential. To the extent that a party wishes to designate as CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS' EYES ONLY portions of a deposition taken in this litigation prior to the date on which the parties file this Protective Order, that party may designate those portions of the deposition as CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS' EYES ONLY by stamping those portions of the deposition transcript with the word CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS' EYES ONLY within ten business days of the date that party receives the transcript. The other party must treat those portions of the deposition transcript as Confidential Information from the date it receives notice of the designation, subject to the provisions of paragraphs 3, 4, and 5. Disclosure of those portions of

the deposition transcript prior to receipt of such notice to persons not authorized to receive Confidential Information shall not be deemed a violation of this Protective Order.

7.      Subject to the further limitations provided in Paragraph 4, Confidential Information shall be made available only to "Qualified Persons" who, in addition to any applicable requirements set forth below, and with the exception of those individuals identified in subsections (a) and (d) of this paragraph, have been provided with a copy of this Protective Order and agreed to be bound thereto by execution of Exhibit A to this Protective Order ("Promise of Confidentiality"). No other person shall have access to Confidential Information without approval of the disclosing party or without approval of the Court, nor shall any such other person be informed of such Confidential Information by any person having access to it. "Qualified Persons" as used herein means: (a) counsel for the parties, and their co-counsel, partners, associates, and employees who actually are assisting in the litigation; (b) the parties; (c) Jessica Dotterweich, (d) experts and consultants retained or employed to consult with, advise, or assist counsel in the preparation or trial of this action and who agrees to be bound by and executes a copy of Exhibit A attached hereto; (e) the Court and officers of the Court in accordance with the provisions of paragraph 10; and (f) deposition witnesses in accordance with the provisions of this paragraph. Confidential Information may be made available to any deposition witness only for purposes of preparing that individual for his/her deposition and/or during his/her deposition and only after he/she has read and agreed on the record to be bound by the provisions of this Protective Order as set forth above. In addition, any deposition witness will not be permitted to retain copies of any Confidential Information at the conclusion of any deposition.

8.      The non-disclosing party shall be responsible for limiting distribution of Confidential Information to those persons who: (i) have a need to know the information; and (ii)

5

are otherwise authorized to receive the information under this Protective Order. The non-disclosing party shall be prepared to account for the disposition and use of Confidential Information by those persons. Qualified Persons who testify at a deposition and who receive Confidential Information shall be advised that they must not reveal or discuss Confidential Information to or with any person who is not a Qualified Person under this Protective Order.

9.     If a disclosing party, through inadvertence, produces or provides discovery of any Confidential Information, without designating such disclosed information as CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS' EYES ONLY as provided for in this Protective Order, the disclosing party may give written notice to the non-disclosing party that the document, thing, or other information, response, or testimony is Confidential Information and should be treated as Confidential Information in accordance with the provisions of this Protective Order. The non-disclosing party must treat such documents, things, information, responses, and testimony as Confidential Information from the date such notice is received, subject to the provisions of paragraphs 3, 4, and 5. Disclosure of such documents, things, information, responses, or testimony prior to receipt of such notice to persons not authorized to receive Confidential Information shall not be deemed a violation of this Protective Order; however, upon receipt of such notice, the non-disclosing party promptly shall retrieve all such Confidential Information disclosed to anyone who is not entitled to access to Confidential Information under this Protective Order.

10.     Should a party believe that it is necessary to file another party's confidential material with the Court, the party seeking to file the Confidential Information (the "Filing Party") shall have the option to:

a.     At least five (5) business days before intending to disclose the Confidential Information, inform counsel for the non-disclosing party in writing of the documents or other

6

Confidential Information it proposes to file before filing those documents or Confidential Information.

b.    Counsel for the non-disclosing party will inform the Filing Party whether he/she consents to the proposed filing.

c.    If counsel for the non-disclosing party does not consent to disclosure, he/she will immediately seek a protective order. Said protective order must be filed with the Court within five business days of the day the disclosing party receives written notice under subsection (a) above. If said protective order is not filed within five business days, the Filing Party shall be entitled to proceed using the aforementioned documents. The Filing Party shall not file any document(s) or other Confidential Information while the motion for protective order is pending, unless the Confidential Information is filed under seal.

d.    To the extent that any materials subject to this Confidentiality Order (or any pleading, motion or memorandum disclosing them) are filed with the Court following the issuance of a protective order pursuant to subparagraphs 10(a)-(c) or filed without a waiver of confidentiality pursuant to 10(c), those materials and papers, or any portion thereof which discloses confidential information, shall be filed under seal (by the filing party) with the Clerk of the Court, together with a motion to seal filed in accordance with the Court's Local Rule 105.11. Alternatively, a party may file redacted information that is designated CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS' EYES ONLY with the Court, so long as that party redacts any and all information from the documents filed that is considered confidential, private or sensitive, after consulting and reaching an agreement with opposing counsel as to the information to be redacted.

7

e.    Parties shall retain the option to file any document marked as CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS' EYES ONLY under seal, without utilizing the process described in subparagraphs 10(a)-10(c), above.

f.    Parties shall also retain the option of redacting any Confidential or Medical Information that is not required to substantiate the arguments for which the documents containing such information are filed.

11.    Without losing the confidentiality of any Confidential Information, any material stamped CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS' EYES ONLY under this Protective Order may be redacted so as to eliminate the stamp before the material is shown to the jury. Confidential Information used as exhibits at trial shall otherwise be handled in accordance with the requirements and procedures of the Court. Failure to so designate any document or thing shall not constitute a waiver of any claim outside this litigation that such document or thing contains Confidential Information. Prior to any trial in this case, counsel for the parties shall endeavor to reach agreement on the handling of confidential material at that trial, so as to provide the maximum protection possible against public disclosure without in any way infringing on the rights of all parties to present all evidence they deem necessary at such trial.

12.    Upon termination of this action by agreement of the parties or by passage of time beyond the last day for final appeal, the Clerk may return to counsel or destroy any sealed material in its possession upon such time as all proceedings are complete, including any final appeals. Should a non-disclosing party become subject to a motion to disclose information designated "Confidential" pursuant to this order, they shall promptly notify the disclosing party of the motion so that the disclosing party may have an opportunity to appear and be heard on whether that information should be disclosed. Nothing contained in this Protective Order, nor any action taken in compliance with it, shall operate as an admission by any party that any particular document or

8

information is, or is not: (a) relevant to the issues involved in this litigation; (b) properly produced or subject to production during discovery; (c) admissible in evidence at the trial of this action; (d) subject to a claim of privilege; or (e) any other recognized objection to discovery.

13.     The production of privileged or work-product protected documents, electronically stored information ("ESI") or other information, whether inadvertent or otherwise, is not a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Protective Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d).  Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

14.     Return of inadvertently disclosed materials: Except in the event that the requesting party disputes the claim, any documents the disclosing party deems to be subject to the attorney-client privilege or the work-product protection shall be, upon written request, promptly returned to the disclosing party, or destroyed, at that party's option. If the claim is disputed, a single copy of the materials may be retained by the requesting party for the exclusive purpose of seeking judicial determination of the matter pursuant to Fed. R. Civ. P. 26(b)(5)(B) and Fed. R. Evid. 502.  Disputes arising under this Protective Order shall be resolved by the United States District Court for the District of Maryland.

15.     No part of the restrictions imposed by this Protective Order may be terminated, except by a writing executed by counsel of record for all parties or by an order of the Court.

16.     Nothing herein shall be deemed to restrict any parties or their counsel with respect to their own documents or information.  The Parties recognize, acknowledge and agree that the failure to enforce any term of this Protective Order shall not constitute a waiver of any rights or

deprive the disclosing party of the right to insist thereafter upon strict adherence to that or any other term of this Protective Order, nor shall a waiver of any breach of this Protective Order constitute a waiver of any preceding or succeeding breach. No waiver of a right under any provision of this Protective Order shall occur except as provided in this document. Further, nothing herein shall restrict the parties in any way from seeking stricter protections or refusing production of a document because the protections afforded hereunder are insufficient in one or more ways or from seeking to modify this Protective Order, by way of motion or otherwise, or from seeking further and/or additional protections from the Court regarding Confidential Information.

**FOR PLAINTIFF**

/s/ Eric S. Thompson

Eric S. Thompson
U.S. EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
George H. Fallon Federal Building
31 Hopkins Plaza, Suite 1432
Baltimore, MD 21201
(410) 801-6696
Eric.Thompson@eeoc.gov

**FOR DEFENDANT**

Emmett F. McGee, Jr. (Bar No. 08462)
Jill S. Distler
JACKSON LEWIS P.C.
2800 Quarry Lake Drive, Suite 200
Baltimore, Maryland 21209
(410) 415-2003
(410) 415-2050
Emmett.McGee@jacksonlewis.com

**SO ORDERED.**

Signed and entered this ____ day of _____, 2022.

Richard D. Bennett
United States District Judge

10

## EXHIBIT A

I have read the Joint Stipulation and Protective Order Regarding Production and Use of Confidential Information ("Protective Order") in the case of *U.S. Equal Employment Opportunity Commission v. Jerry's Chevrolet, Inc., et al,* Civil Action No. 21-cv-02464-RDB United States District Court for the District of Maryland, and I agree to abide by that Protective Order and not reveal or otherwise communicate to anyone any of the documents designated as "CONFIDENTIAL" or "Confidential Information" that are disclosed to me, except in accordance with the terms of the Protective Order. I further agree not to make any copies of any documents disclosed to me pursuant to the Protective Order, and I agree to return all documents at the conclusion of this action to the counsel for the party who disclosed them to me or earlier upon request.

_____
Date

_____
Name (Print)

_____
Signature

_____

_____
Business Address